UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONIKA PURANIK,

Plaintiff,

-v-

THE CHILDREN'S PLACE SERVICES COMPANY, LLC,

Defendant.

Civil Action No.: 1:24-cv-04441-AT

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant, The Children's Place Services Company, LLC and Plaintiff Monika Puranik (collectively, the "Parties") respectfully request that the Court enter the proposed Protective Order attached hereto. A protective order is necessary to preserve and maintain the confidentiality of legally protected and otherwise sensitive information, including information regarding Defendant's employees, clients, and other protected health information, confidential and proprietary information as well as medical information related to Plaintiff's purported emotional distress, exchanged between the Parties during discovery. The Parties mutually agreed on the language of the attached Protective Order, which is submitted contemporaneously with this Joint Motion.

WHEREFORE, pursuant to Fed. R. Civ. P. 26(c), the Parties request that the Court enter the proposed Protective Order submitted contemporaneously with this Joint Motion.

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: August 17, 2026**

SO ORDERED. The Clerk of Court is respectfully directed to close the motion at ECF No. 75.

Dated: August 14, 2026

LITTLER MENDELSON, P.C.

By: */s/ Alina Nadir*

Alina Nadir
anadir@littler.com
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719

*Attorneys for Defendant*

LIEB AT LAW, P.C.

By: */s/ Natalie Donaldson*

Natalie Donaldson
308 W. Main Street, Suite 100
Smithtown, NY 11787
Telephone: 646.216.8009
Natalie@liebatlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIKA PURANIK,<br><br>Plaintiff,<br><br>-against-<br><br>THE CHILDREN'S PLACE SERVICES COMPANY, LLC,<br><br>Defendant. | Case No. 1:24-cv-04441-AT<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED** by and between the Parties to MONIKA PURANIK v. THE CHILDREN'S PLACE SERVICES COMPANY, LLC, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding under Case No.: 1:24-cv-04441-AT.

b. "Court" means the Hon. Judge Analisa Torres or any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith contains non-public, sensitive, or proprietary information, including but not limited to:

i. Personnel files

ii. Compensation information

iii. Internal business documents

iv. Medical or mental health records

v. HIPAA-protected health information ("PHI")

d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e. "Designating Party" means the Party that designates Materials as "Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Original," and "Duplicate", which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents or Testimony.

i. "Protected Health Information" or "PHI" has the same meaning as defined by HIPAA and its implementing regulations (45 C.F.R. §§ 160.103, 164.501), including individually identifiable health information.

j. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

b. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, audio or digital recordings or physical items, the Designating Party must affix in a prominent place on the exterior of the exterior or title of the digital file "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the Document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by

attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion") only after conferring in good faith to attempt to resolve the issue without the need for Court intervention. Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following "Qualified Persons":

a. the Parties;

b. Court and Court personnel;

c. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

d. those officers, directors, partners, members, employees and agents of all non-Designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

e. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

f. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall

be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

g. any other person that the Designating Party agrees to in writing.

8. Before being given access to any Confidential Information, each Qualified Person shall be provided by counsel with a copy of this Stipulated Protective Order and shall sign the Non-Disclosure Agreement, attached hereto as Exhibit A. The Non-Disclosure Agreement states that the person receiving Confidential Information ("Recipient") has read this Stipulated Protective Order and agrees to be bound by its terms. The Recipient shall acknowledge in writing that he/she is not presently a competitor or employed by a competitor of any of the Parties, and will not use any Confidential document, transcript or information obtained from any Confidential document or transcript to compete with any of the Parties. All Non-Disclosure Agreements will be maintained throughout this action by the attorneys obtaining them.

9. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever. Any copy of Confidential Materials distributed to a Qualified Person shall be returned to counsel for the Designating Party at the completion of the Qualified Person's consultation or representation in this case. Such Qualified Person shall, upon the request of counsel for the Designating Party or the Court execute an affidavit stating that all such Documents and copies of such Documents have been returned as required.

10. Except to the extent otherwise permitted by this Stipulated Protective Order, counsel shall keep all materials or information designated as Confidential and subject to this

Stipulated Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone.

11. Except to the extent otherwise permitted by this Stipulated Protective Order, each and every Qualified Person who has access to Confidential Information subject to this Stipulated Protective Order shall take all due precautions to maintain the confidentiality of all such materials and shall prevent the unauthorized or inadvertent Disclosure of the material. Counsel shall provide each Qualified Person a copy of this Stipulated Protective Order.

12. Any Qualified Person having access to material or information designated as Confidential under this Stipulated Protective Order, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, as Confidential and all provisions of this Stipulated Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as Confidential by any Designating Party.

13. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order only after conferring in good faith to attempt to resolve the issue without the need for Court intervention.

14. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order);

vi. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

vii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

15. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

16. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such

designation, or any other matter otherwise arising under this Stipulation and Protective Order. If at any time a Party realizes that previously undesignated Documents or other material should be designated as Confidential Information, the Party may so designate by advising all other Parties in writing specifically identifying the information and furnishing the correct designation. The designated Documents or material will thereafter be treated as Confidential Information pursuant to this Stipulated Protective Order. Upon receipt of such designation in writing, the Parties and other Qualified Persons shall take reasonable and appropriate action to retrieve any Disclosure, dissemination, or use of such information prior to re-designation.

17. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena if permitted by law. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

18. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

19. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

20. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

21. A party that seeks to file under seal any confidential information shall follow the Local Rules and Individual Rules of the assigned judge(s).

22. All issues related to the use of confidential information at trial shall be decided by the trial judge.

23. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

24. This Stipulated Protective Order shall be binding upon the Parties, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The

Parties, their attorneys and employees of such attorneys, and their expert witnesses, consultants and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for the purposes of any proceeding brought by a Party to this action to enforce this Stipulated Protective Order.

25. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

26. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either: (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials, only after attempting to resolve the dispute in good faith. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein. Notwithstanding this paragraph, at the conclusion of the case, counsel may retain one complete set of materials produced in the case and any working documents reflecting such materials.

27. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

28. The Parties and all signatories to the Non-Disclosure Agreement attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein. This Stipulation and Protective Order may be executed in counterparts.

Dated: August 14, 2026

LITTLER MENDELSON, P.C.

By: */s/ Alina Nadir*
Alina Nadir
anadir@littler.com
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719

*Attorneys for Defendant*

LIEB AT LAW, P.C.

By: */s/ Natalie Donaldson*
Natalie Donaldson
308 W. Main Street, Suite 100
Smithtown, NY 11787
Telephone: 646.216.8009
Natalie@liebatlaw.com

*Attorneys for Plaintiff*

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I, ______________________________________, understand that information and/or documents which are disclosed to me by counsel of record for ____________________________, which are designated as "Confidential" are **CONFIDENTIAL** and to be used by me solely to assist in the matter of Monika Puranik v. The Children's Place Services Company, LLC, Civ. No. 1:24-cv-04441-AT, pending in the U.S. District Court of the Southern District of New York.

I further understand that the Stipulated Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them.

I further acknowledge that I am not presently a competitor or employed by a competitor of Plaintiff or Defendant, and will not use any Confidential document, transcript or information obtained from any Confidential document or transcript to compete with Plaintiff or Defendant. In accepting disclosure, I agree to be bound by the Stipulated Protective Order and to be subject to the jurisdiction of the United States District Court for the Southern District of New York, for the purpose of its enforcement of the Stipulated Protective Order and the enforcement of my obligations under this Non-Disclosure Agreement.

Dated: _________________________ ____________________________________

Recipient's Signature